IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMES THOMAS HAGANS, SR.,**
  Plaintiff,

vs.             Case No. 3:07cv424/MCR/MD

**OKALOOSA COUNTY JAIL,**
  Defendant.

ORDER and
REPORT AND RECOMMENDATION

  Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this complaint, leave to proceed *in forma pauperis* will be granted.

  Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, Rule 12(b)(6) standards apply, since the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997). That standard requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light

most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

  Plaintiff is currently incarcerated at the Okaloosa County Jail ("the Jail").  Named as the sole defendant in this action is the Jail.  (Doc. 1, pp. 1-2).  Plaintiff's complaint arises out of a work-related accident occurring on September 17, 2007.  Specifically, plaintiff alleges that in preparation for mopping the kitchen floor of the Jail, he filled the mop bucket with scalding hot water.  As he was rolling the bucket, a wheel fell off causing the water to spill on his foot.  His foot was burned and later peeled, blistered and scarred.  In addition, plaintiff states that his injury caused nerve damage to the foot, high blood pressure, stress and worry.  Plaintiff attributes the accident to defendant's "negligence and neglect to have proper working equipment."  (*Id.*, pp. 5, 7).  As relief, he seeks "monetary relief for my pain and suffering."  (*Id.*, p. 7).

  Plaintiff's complaint is due to be dismissed for a number of reasons.  First, the Okaloosa County Jail is not a proper defendant.  The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED.R.CIV.P. 17(b)).  In Florida, there is no such legal entity as the "Okaloosa County Jail."  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including a sheriff.  FLA. CONST. ART. VIII, §§ 1 (a) and (d).  However, no provision is made constitutionally or statutorily for a

county jail facility as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a county jail given authority to be sued in such a name.  *See Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (same); *Heckman v. Hall*, 2007 WL 2175919 at *3 (N.D. Fla. 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla. 1992) (same); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same).  For claims against a county jail, the appropriate defendant is the Sheriff in his official capacity.  *See Mitchell v. Untreiner*, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to the sheriff as "the Chief Jailer" of the county jail); *Avant v. Rice, supra*.  Accordingly, plaintiff's complaint fails to state a viable claim against the named defendant.

Even if plaintiff named the Sheriff of Okaloosa County as the defendant, this action is due to be dismissed for plaintiff's failure to exhaust administrative remedies.  Title 42 U.S.C. § 1997e provides in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[1]  Exhaustion of all available administrative remedies is mandatory, and

---

[1] The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits.  *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

 (1) to avoid premature interruption of the administrative process;
 (2) to let the agency develop the necessary factual background upon which decisions should be based;
 (3) to permit the agency to exercise its discretion or apply its expertise;
 (4) to improve the efficiency of the administrative process;
 (5) to conserve scarce judicial resources;
 (6) to give the agency a chance to discover and correct its own errors; and
 (7) to avoid the possibility that "frequent and deliberate flouting of the administrative

is a pre-condition to suit.  *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*,  534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*,  534 U.S. at 524, 122 S.Ct. 983.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S.Ct. at 1825.  The requirement is not subject to either waiver by a court or futility or inadequacy exceptions.  *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).  Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits.  *Woodford v. Ngo*, --- U.S. ---, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").

Plaintiff initiated this lawsuit on September 28, 2007 by filing the complaint. (Doc. 1, p. 7).  Attached to the complaint is a grievance dated September 23, 2007. The grievance complains of inadequate medical treatment for plaintiff's foot injury; however, it fails to apprise Jail officials of plaintiff's complaint about the mop

---

processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

bucket. Thereafter, plaintiff attempted to correct this deficiency on October 10, 2007 by filing in this court a supplement to the complaint. (Doc. 7). The supplement includes an Inmate Request Form dated October 5, 2007 grieving the faulty mop bucket. This grievance, however, is insufficient to satisfy the exhaustion requirement because it was submitted to Jail officials <u>after</u> plaintiff filed this lawsuit. Moreover, plaintiff admits in his supplement that Jail officials have not yet responded to the grievance. Thus, taking the allegations of the complaint and supplement as true and construing them in the light most favorable to plaintiff, they establish that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

Even if plaintiff satisfied the exhaustion requirement, this action should be dismissed for failure to state a claim. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

At a minimum, all claims challenging conditions of confinement must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096, 106 S.Ct. 1492, 89 L.Ed.2d 894 (1986). Furthermore, "conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

The Supreme Court has developed a two-part analysis governing Eighth Amendment challenges to prison conditions. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

> **First, under the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment.** *Hudson v. McMillian*, **503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme."** *Id.* **at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief,** *Helling v. McKinney*, **509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety,** *id.* **at 35, 113 S.Ct. at 2481.**

*Chandler*, 379 F.3d at 1289-90.

> **The second part of the two-part analysis is the "subjective component:"**
>
>> [T]he prisoner must show that the defendant prison officials "acted with a sufficiently culpable state of mind" with regard to the condition at issue. *Hudson*, 503 U.S. at 8, 112 S.Ct. at 999 (quotation marks and citation omitted). The proper standard is that of deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991). <u>Negligence does not suffice to satisfy this standard</u>, *id.* at 305, 111 S.Ct. at 2328, but a prisoner need not show that the prison official acted with "the very purpose of causing harm or with knowledge that harm [would] result," *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 1978, 128 L.Ed.2d 811 (1994). In defining the deliberate indifference standard, the *Farmer* Court stated: [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.* at 837, 114 S.Ct. at 1979.

*Chandler*, 379 F.3d at 1289-90 (emphasis added).

In the instant case, plaintiff fails to allege sufficient facts showing that the condition of which he complains posed an unreasonable risk of serious damage to his future health or safety. Additionally, he fails to allege sufficient facts showing that Jail staff or the Sheriff were deliberately indifferent to an excessive risk of harm. His allegations do not suggest that Jail officials were aware of a defect in the mop

bucket, much less that they disregarded it.  The most serious allegation is negligence.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida, this 19th day of October, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).